IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                              :   Chapter 11
                                                    :
PSL - NORTH AMERICA LLC                             :   Case No. 14-_____ (____)
                                                    :
          Debtor.                                   :
                                                    :
Tax I.D. No. 20-5945196                             :
------------------------------------------------------------ x
In re:                                              :   Chapter 11
                                                    :
PSL USA INC                                         :   Case No. 14-_____ (____)
                                                    :
          Debtor.                                   :
                                                    :
Tax I.D. No. 68-0640971                             :
------------------------------------------------------------ x

**MOTION OF DEBTORS FOR ORDER
UNDER FED. R. BANKR. P. 1015 AND DEL. BANKR. L.R. 1015-1
AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The debtors and debtors-in-possession in the above-captioned cases (the "**Debtors**") hereby move (the "**Motion**") for entry of an order, under Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes only. In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of Brian J. Vaill in Support of Chapter 11 Petitions and First Day Motions*, filed with the Court concurrently herewith (the "**First Day Declaration**"). In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

RLF1 10147118v.3

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The legal bases for the relief requested herein are Bankruptcy Rule 1015 and Local Rule 1015-1.[1]

## BACKGROUND

2. On the date hereof (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing cases (the "**Chapter 11 Cases**") for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the First Day Declaration and fully incorporated herein by reference.

3. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been requested in the Chapter 11 Cases, and no committees have yet been appointed.

## RELIEF REQUESTED

4. By this Motion, the Debtors seek entry of an order, pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1, directing joint administration of the Chapter 11 Cases for procedural purposes only.

## BASIS FOR RELIEF

5. Bankruptcy Rule 1015(b) provides that "[i]f two or more petitions . . . are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint

---

[1] Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

administration of the estates" of the debtor and such affiliates. See Fed. R. Bankr. P. 1015(b)(4). Section 101(2) of the Bankruptcy Code, in turn, defines the term "affiliate" in pertinent part, as an:

> (A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .
>
> (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .
>
> (C) person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
>
> (D) entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

See 11 U.S.C. § 101(2).

      6.    Further, Local Rule 1015-1 provides:

> [a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties . . . .

See Del. Bankr. L.R. 1015-1.

      7.    The Debtors in the Chapter 11 Cases are PSL - North America LLC and PSL USA INC. PSL USA INC is the direct owner of a majority of the membership interests in PSL - North America LLC. As such, the Debtors are "affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Accordingly, joint administration of the Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

8.      The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings and orders in the Chapter 11 Cases will affect the Debtors. With two Debtors, each with its own case docket, the failure to jointly administer these cases would result in numerous duplicative filings for each issue, which would then be served upon separate service lists. This duplication would be extremely wasteful and would unnecessarily overburden the Clerk of the Court.

9.      Joint administration of the Chapter 11 Cases will save time and money and avoid such duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be filed and served herein and (b) file the papers in one case rather than in multiple cases. Moreover, this Court will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Also, joint administration will ease the burden on the office of the United States Trustee in supervising these bankruptcy cases.

10.     Further, joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration also will protect parties in interest by ensuring that parties in each of the Debtors' respective cases will be apprised of the various matters before the Court in these cases.

11.     The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly

has a claim or right. Thus, all creditors will benefit from the reduced costs as a result of such joint administration.

12. Accordingly, the Debtors request that the official caption to be used by all parties on all pleadings and other filings in the jointly administered cases be as follows:

<div style="text-align:center">IN THE UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF DELAWARE</div>

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| PSL - NORTH AMERICA LLC, et al., | : | Case No. 14-_____ (____) |
| Debtors.[1] | : | Jointly Administered |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of the Debtors' federal tax identification numbers, are PSL - North America LLC (5196) and PSL USA INC (0971). The above-captioned Debtors' mailing address is 13092 Sea Plane Road, Bay St. Louis, MS 39520.

The footnote 1 reference in the caption sets forth a complete listing of the Debtors' names as well as the last four digits of each Debtor's tax identification number.

13. The Debtors submit that use of this simplified caption, without reference to their respective tax identification numbers, addresses and other detail specified by Section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n), will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification. Further, such case-specific information will be listed in the petitions for each Debtor, which are publicly available to parties in interest or which will be provided by the Debtors upon request, and will be included in key notices to parties in interest, such as the notices required under Bankruptcy Rules 2002(a)(1), 2002(a)(7), and 2002(b), as applicable to these cases. Therefore, the Debtors submit that the policies behind the requirements of Section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n) have been satisfied.

RLF1 10147118v.3

14.     In addition, the Debtors request that the Court make a separate docket entry on the docket of PSL USA INC's case, substantially as follows:

> An order has been entered in this case consolidating this case with the case of PSL - North America LLC, Case No. 14-_____ (___), for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  The docket in Case No. 14-_____ (__) should be consulted for all matters affecting this case.

15.     In view of the fact that joint administration is procedural only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly administered Debtors.

16.     An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an ex parte basis. See Del. Bankr. L.R. 1015-1.  No party will be prejudiced by virtue of the relief requested in this Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights.  Indeed, the relief requested herein is granted routinely by this Court. See, e.g., In re Geokinetics Inc., Case No. 13-10472 (KJC) (Bankr. D. Del. Mar. 12, 2013); In re Overseas Shipholding Group, Inc., Case No. 12-20000 (PJW) (Bankr. D. Del. Nov. 15, 2012); In re Ritz Camera & Image, L.L.C., Case No. 12-11868 (KG) (Bankr. D. Del. June 25, 2012); In re Graceway Pharmaceuticals, LLC, Case No. 11-13036 (MFW) (Bankr. D. Del. Sept. 30, 2011); In re Freedom Commc'ns Holdings, Inc., Case No. 09-13046 (BLS) (Bankr. D. Del. Sept. 2, 2009); In re Sportsman's Warehouse, Inc., Case No. 09-10990 (CSS) (Bankr. D. Del. Mar. 23, 2009).

17.     For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors and other parties in interest and should be granted.


## NO PRIOR REQUEST

18. No previous request for the relief sought herein has been made to this or any other court.

## NOTICE

19. Notice of this Motion shall be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' twenty (20) largest unsecured creditors, as filed with the Debtors' chapter 11 petitions; (c) counsel to ICICI Bank Limited, New York Branch, the Debtors' post-petition lender; (d) counsel to Standard Chartered Bank, Dubai International Financial Centre Branch; (e) Thyssenkrupp Steel USA, LLC; (f) the Export-Import Bank of India; (g) the Mississippi Business Finance Corporation; (h) Hancock Bank, indenture trustee under that certain trust indenture agreement; (i) counsel to Jindal Tubular USA LLC, proposed stalking horse purchaser; (j) the local office for the Internal Revenue Service; and (k) all parties entitled to notice pursuant to Local Rule 9013-1(m). Due to the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is necessary.

WHEREFORE the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

Date: June 16, 2014
      Wilmington, Delaware

/s/ Paul N. Heath
John H. Knight (No. 3848)
Paul N. Heath (No. 3704)
Tyler D. Semmelman (No. 5386)
Amanda R. Steele (No. 5530)
William A. Romanowicz (No. 5794)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone: 302-651-7700
Facsimile: 302-651-7701
Email: knight@rlf.com
      heath@rlf.com
      semmelman@rlf.com
      steele@rlf.com
      romanowicz@rlf.com

*Proposed Counsel for Debtors and Debtors in Possession*

## EXHIBIT A

Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------ x
In re:                                                 :   Chapter 11
                                                       :
PSL - NORTH AMERICA LLC                                :   Case No. 14-_____ (____)
                                                       :
            Debtor.                                    :
                                                       :
Tax I.D. No. 20-5945196                                :
------------------------------------------------------ x
In re:                                                 :   Chapter 11
                                                       :
PSL USA INC                                            :   Case No. 14-_____ (____)
                                                       :
            Debtor.                                    :
                                                       :
Tax I.D. No. 68-0640971                                :   Re: Docket No. ___
------------------------------------------------------ x
```

**ORDER UNDER FED. R. BANKR. P. 1015 AND DEL. BANKR. L.R. 1015-1
AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion (the "**Motion**")[1] of the Debtors for an order, under Bankruptcy Rule 1015 and Local Rule 1015-1, authorizing the joint administration of their Chapter 11 Cases; and the Court having reviewed the Motion and the First Day Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Motion is GRANTED as set forth herein.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2. The above-captioned cases are consolidated for procedural purposes only and shall be administered jointly under Case No. 14-_____ (___) in accordance with the provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

3. The caption of pleadings and other documents filed in the jointly administered cases shall read as follows:

```
------------------------------------------------------- x
In re:                                                  :  Chapter 11
                                                        :
PSL - NORTH AMERICA LLC, et al.,                        :  Case No. 14-_____ (____)
                                                        :
        Debtors.¹                                       :  Jointly Administered
------------------------------------------------------- x
```

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of the Debtors' federal tax identification numbers, are PSL - North America LLC (5196) and PSL USA INC (0971). The above-captioned Debtors' mailing address is 13092 Sea Plane Road, Bay St. Louis, MS 39520.

The footnote 1 reference in such caption shall set forth a complete listing of the Debtors' names and the last four digits of each Debtor's tax identification number.

4. The caption set forth above shall be deemed to satisfy any applicable requirements of Section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n).

5. All pleadings and other documents to be filed in the jointly administered cases shall be filed and docketed in the case of PSL - North America LLC, Case No. 14-_____ (___).

6. A docket entry shall be made on the docket of PSL USA INC's case, substantially as follows:

> "An order has been entered in this case consolidating this case with the case of PSL - North America LLC, Case No. 14-_____ (___), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 14-_____ (___) should be consulted for all matters affecting this case."

7. Any creditor filing a proof of claim against any of the Debtors shall clearly assert such claim against the particular Debtor obligated on such claim and not against the jointly administered Debtors, except as otherwise provided in any other order of this Court.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of the Chapter 11 Cases.

9. This Order shall take effect immediately upon entry.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: _____, 2014
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE