## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
|  |  |  |
| --- | --- | --- |
| In re: | : | Chapter 11 |
|  | : |  |
| PSL - NORTH AMERICA LLC, <u>et</u> <u>al.</u>, | : | Case No. 14-11477 (PJW) |
|  | : |  |
| Debtors.[1] | : | Jointly Administered |
|  | : |  |
|  | : | **Hearing Date:  October 23, 2014 at 11:00 a.m. (ET)** |
|  | . | **Objection Deadline:  September 29, 2014 at 4:00 p.m. (ET)** |

---------------------------------------------------------- x

### DEBTORS' MOTION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1452 AND FED. R. BANKR. P. 9006(b) AND 9027 EXTENDING THE DEADLINE BY WHICH THE DEBTORS MAY REMOVE CIVIL ACTIONS

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this motion (this "**Motion**") for entry of an order, pursuant to 28 U.S.C. § 1452 and Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), extending the deadline by which the Debtors may file notices of removal under Bankruptcy Rule 9027(a) (the "**Removal Deadline**") by approximately ninety (90) days[2] from September 15, 2014 through and including December 15, 2014.  In support of this Motion, the Debtors respectfully represent as follows:

### JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of the Debtors' federal tax identification numbers, are PSL - North America LLC (5196) and PSL USA INC (0971).  The above-captioned Debtors' mailing address is 13092 Sea Plane Road, Bay St. Louis, MS 39520.

[2]      The day that is exactly ninety (90) days following September 15, 2014 is December 14, 2014, a Sunday; December 15, 2014 is the immediately proceeding business day.

**BACKGROUND**

2.       On June 16, 2014 (the "**Petition Date**"), the Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code in this Court.  Additional information regarding the Debtors' business and the background relating to events leading up to the Chapter 11 cases (the "**Chapter 11 Cases**") can be found in the *Declaration of Richard Gilstrap in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 84], filed with the Court on July 11, 2014 and fully incorporated herein by reference.

3.       The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108.  No trustee or examiner has been requested in the Chapter 11 Cases and no committees have yet been appointed.

4.       Pursuant to Bankruptcy Rule 9027(a), the Removal Deadline is set to expire on September 15, 2014.

5.       The Debtors are parties to various civil actions, and are in the process of assessing the relevant information to make informed decisions about such actions to determine whether removal is warranted.  However, from the Petition Date to August 29, 2014, the Debtors were almost completely occupied with soliciting, negotiating, and finalizing the sale (the "**Sale**") of substantially all of their assets to Jindal Tubular USA LLC (the "**Purchaser**").  The Sale closed on August 29, 2014 (the "**Closing Date**"), and the Debtors have since ceased all operations. Accordingly, after the Closing Date, the Debtors' purpose going forward is to liquidate their remaining assets and distribute any estate funds to creditors.  However, the Debtors have been occupied with assisting the Purchaser with the transition of the Debtors' businesses and formulating a plan to liquidate the Debtors' assets and distribute any estate funds to creditors. Consequently, the Debtors have yet to finish their analysis as to whether any pending actions should be removed.

RLF1 10804590v.1

6.      As a result, the Debtors require an extension of the September 15, 2014 Removal Deadline to provide them with additional time to consider whether to remove any of their pending civil actions.  Extending the Removal Deadline through and including December 15, 2014 will provide the Debtors with adequate time to evaluate any pending litigation matters properly within the larger context of the Chapter 11 Cases.  Additionally, the Debtors submit that extending the Removal Deadline will not unduly prejudice any counterparty to such civil actions.

## RELIEF REQUESTED

7.      By this Motion, the Debtors seek entry of an order, pursuant to Bankruptcy Rule 9006(b), extending the Removal Deadline through and including December 15, 2014.[3]  The Debtors respectfully request that the proposed December 15, 2014 Removal Deadline apply to all matters specified in Bankruptcy Rules 9027(a)(2) and (3).

## BASIS FOR RELIEF REQUESTED

8.      28 U.S.C. § 1452 and Bankruptcy Rule 9027 govern the removal of pending civil actions.  Specifically, Section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

9.      Bankruptcy Rule 9027(a)(2) further provides, in pertinent part:

---

[3]      The current Removal Deadline pursuant to Bankruptcy Rule 9027(a)(2) is September 15, 2014.  Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the filing of this Motion prior to the current Removal Deadline serves to automatically extend the Removal Deadline until such time as the Court rules on this Motion.  See Del. Bankr. L.R. 9006-2.

3

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed [in the bankruptcy court] only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Bankruptcy Rule 9027(a)(2).

10.    With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

> only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

11.    Bankruptcy Rule 9006(b) provides that the court may extend unexpired time periods, such as the Debtors' removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Bankruptcy Rule 9006(b).

12.    It is well-settled, in this District and others, that this Court is authorized to extend, for cause, the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. See Pacor, Inc. v. Higgins, 743 F.2d 984, 996 n.17 (3d Cir. 1984), overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 134-35 (1995) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); see also Caperton v. A.T. Massey Coal Co., Inc., 251 B.R. 322, 325 (S.D. W.Va.

4

2000) (Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); Raff v. Gordon, 58 B.R. 988, 990 (E.D. Pa. 1986) (an expansion of time to file notices of removal is authorized under the Bankruptcy Rules); In re Jandous Elec. Constr. Corp., 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); In re World Fin. Servs. Ctr., Inc., 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).

13.     As discussed above, the Debtors are party to certain civil actions for which they have not yet made a decision as to whether removal is appropriate.  Accordingly, the Debtors believe that it is prudent to seek an extension of the time prescribed under Bankruptcy Rule 9027(a), through and including December 15, 2014, to protect their right to remove those civil actions if they deem it to be appropriate.  The extension sought will afford the Debtors additional time to determine whether to remove any pending civil action and will assure that the Debtors do not forfeit valuable rights under 28 U.S.C. § 1452.  Further, the rights of the Debtors' adversaries will not be prejudiced by such an extension because any party to an action that is removed may seek to have it remanded to the state court pursuant to 28 U.S.C. § 1452(b).

14.     From the Petition Date to the Closing date, the Debtors concentrated their efforts primarily on pursuing the orderly marketing and sale of substantially all of their assets to the Purchaser pursuant to Section 363 of the Bankruptcy Code.  Since the Closing Date, the Debtors have since ceased all operations.  During this time, the Debtors have concentrated their efforts on formulating a plan to liquidate their remaining assets and distribute estate funds to their creditors. While the Sale was successfully consummated and the Debtors have continued to assess the

various civil actions they are party to since the Closing Date, the Debtors have yet to finish their analysis as to whether any pending actions should be removed.  As a result, the Debtors submit that cause exists to extend the time within which the Debtors must remove claims and actions.

15.    The Debtors further request that the order approving this Motion be without prejudice to (a) any position the Debtors may take regarding whether Section 362 of the Bankruptcy Code applies to stay any given civil action pending against the Debtors and (b) the right of the Debtors to seek further extensions of the period in which they may remove civil actions pursuant to Bankruptcy Rule 9027.

16.    For the reasons stated above, the Debtors submit that the relief requested herein is in their best interests, as well as in the best interests of their estates and creditors.  Indeed, requests by debtors for extensions of the removal period have been routinely granted by courts in this District.  See, e.g., In re Vertis Holdings, Inc., Case No. 12-12821 (CSS) (Bankr. D. Del. July 26, 2013) (extending removal deadline additional 90 days); In re Allied Systems Holdings, Inc., Case No. 12-11564 (CSS) (Bankr. D. Del. July 11, 2013) (same); In re Blitz U.S.A., Inc., Case No. 11-13603 (PJW) (Bankr. D. Del. June 19, 2013) (extending removal deadline additional 120 days); In re Caribbean Petroleum Corp., Case No. 10-12553 (KG) (Bankr. D. Del. May 28, 2013 (same); In re EBHI Holdings, Inc., Case No. 09-12099 (MFW) (Bankr. D. Del. Mar. 18, 2013) (same).

## NOTICE

17.    Notice of this Motion shall be provided to: (a) the U.S. Trustee; (b) the Debtors' twenty (20) largest unsecured creditors, as filed with the Debtors' chapter 11 petitions; (c) counsel to ICICI Bank Limited, New York Branch, the Postpetition Lender; (d) counsel to Standard Chartered Bank, Dubai International Financial Centre Branch; (e) counsel to AM/NS

6

Calvert, LLC; (f) the Export-Import Bank of India; (g) the Mississippi Business Finance Corporation; (h) Hancock Bank, indenture trustee under that certain trust indenture agreement; (i) counsel to Jindal Tubular USA LLC, the Purchaser; and (j) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that no further notice of this Motion is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as Exhibit A:  (i) granting the relief sought herein; and (ii) granting to the Debtors such other and further relief as the Court may deem proper.

Dated: September 15, 2014           RICHARDS, LAYTON & FINGER, P.A.
        Wilmington, Delaware

                                 */s/ Amanda R. Steele*
                                 John H. Knight (No. 3848)
                                 Paul N. Heath (No. 3704)
                                 Amanda R. Steele (No. 5530)
                                 William A. Romanowicz (No. 5794)
                                 920 N. King Street
                                 Wilmington, Delaware 19801
                                 Telephone: 302-651-7700
                                 Facsimile: 302-651-7701

                                 *Counsel for Debtors and Debtors in Possession*

RLF1 10804590v.1