

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PSL - NORTH AMERICA LLC, et al., | Case No. 14-11477 (LSS) |
| Debtors.[1] | Jointly Administered |
| | **Re: Docket No. 450** |

## ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) APPROVING VOTING AND TABULATION PROCEDURES, (III) SETTING CONFIRMATION HEARING AND RELATED DEADLINES AND (IV) GRANTING RELATED RELIEF

This matter coming before the Court on the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") for entry of an order (i) approving the Disclosure Statement, (ii) approving the Voting Procedures and the Tabulation Procedures, (iii) setting the Confirmation Hearing and related deadlines, and (iv) granting related relief; the Court having reviewed the Motion and all pleadings related thereto, if any; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2) and (c) notice of the Motion was adequate under the circumstances; and the Court further finding and concluding that the Disclosure Statement sufficiently describes, among other things, the Debtors, the Chapter 11 Cases and the Plan, and that the Disclosure Statement therefore (i) allows holders of claims in the Voting Classes to make an informed judgment about the Plan and (ii) contains "adequate information" as that term is defined in Bankruptcy Code section 1125(a); and the Court having

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of the Debtors' federal tax identification numbers, are PSL - North America LLC (5196) and PSL USA INC (0971). The above-captioned Debtors' mailing address is 13092 Sea Plane Road, Bay St. Louis, MS 39520.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion, or if not defined therein, in the Disclosure Statement.

determined that the legal and factual bases set forth in the Motion establish cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Disclosure Statement is approved as containing adequate information pursuant to section 1125 of the Bankruptcy Code, and the Debtors are authorized to use this Disclosure Statement in connection with the solicitation of votes in favor of the Plan.

3. The Confirmation Hearing shall be held on January 12, 2016 at 2:00 p.m. (prevailing Eastern Time). The deadline to file objections to the confirmation of the Plan shall be January 5, 2016 at 4:00 p.m. (prevailing Eastern Time).

4. The deadline to file a memorandum of law and/or an affidavit in support of confirmation of the Plan and, if necessary, a reply to any valid objection filed on or before the Plan Objection Deadline is no later than January 8, 2016 at 12:00 p.m. (prevailing Eastern Time).

5. The Confirmation Hearing Notice is hereby approved.

6. The Voting Procedures are hereby approved.

7. The Voting Record Date shall be November 30, 2015. In addition, with respect to any transferred claim in the Voting Class, the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred claim only if all actions necessary to effect the transfer of the claim pursuant to Bankruptcy Rule 3001(e) have been completed on or before the Voting Record Date. In the event a claim is transferred after the transferor has completed a Ballot, the transferee of such claim shall also be bound by any vote made on the Ballot by the transferor.

8. The Voting Deadline shall be January 5, 2016 at 4:00 p.m. (prevailing Eastern Time).

9. The 3018 Motion Deadline shall be December 24, 2015. The 3018 Objection Deadline shall be January 5, 2016 at 4:00 p.m. (ET).

10. The Debtors shall serve the Solicitation Packages, including the Confirmation Hearing Notice and the Ballots, by regular U.S. Mail only on holders of claims in the Voting Classes.

11. The Debtors shall serve by regular U.S. Mail the Confirmation Hearing Notice and the Notice of Non-Voting Status, to all of the holders of claims or interests in the Classes 1 and 4 and holders of Unclassified Claims.

12. In accordance with Bankruptcy Rule 2002, the Debtors shall serve by regular U.S. Mail a copy of the Confirmation Hearing Notice on all creditors, the U.S. Trustee, and counter-parties to the Debtors' unexpired leases and executory contracts that have not yet been assumed or rejected, <u>provided</u>, <u>however</u>, that such service shall only be made upon parties that have not received the Confirmation Hearing Notice pursuant to paragraphs 10 and 11 of this Order.

13. With the exception of any former employee that has filed a proof of claim in the Chapter 11 Cases, the Debtors shall not (i) serve the Solicitation Package or the Confirmation Hearing Notice on their former employees or (ii) solicit votes in favor of the Plan from their former employees.

14. The Balloting Agent is directed to maintain the Website where all holders of claims and interests can access copies of the Disclosure Statement, the Plan and this Order.

15. Information about the Website shall be given to all holders of claims and interests and other parties in interest in the Confirmation Hearing Notice, the Notice of Non-Voting Status and the Ballot.

16. The Ballots, substantially in the forms attached hereto as <u>Exhibit A</u>, are hereby approved.

17. The Tabulation Procedures are hereby approved:

(a) Unless otherwise provided in these Tabulation Procedures, a claim will be deemed temporarily allowed for voting purposes only in an amount equal to: (i) the liquidated, non-contingent, undisputed amount of such claim as set forth in the Debtors' Schedules if no proof of claim has been timely filed in respect of such claim; or (ii) if a proof of claim has been timely filed in respect of such claim, the amount set forth in such proof of claim;

(b) If a claim is deemed allowed under the Plan or in an order of the Court entered prior to the Voting Record Date, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan or such order;

(c) If a claim is listed in the Debtors' Schedules as contingent, unliquidated, or disputed, and as of the Voting Record Date the applicable bar date for filing proofs of claim has not passed, the holder of such Claim will be sent a Ballot marked as provisional (the "**Provisional Ballot**"). If the Provisional Ballot is voted and (i) a proof of claim is timely filed or deemed timely filed prior to the Voting Deadline, the Provisional Ballot will be tabulated in an amount consistent with the tabulation rules set forth herein; however, if (ii) a proof of claim is <u>not</u> timely filed or deemed timely filed prior to the Voting Deadline, such Provisional Ballot will not be counted and included in the tabulation;

(d) If a claim for which a proof of claim has been timely filed is for unknown or undetermined amounts, or is wholly unliquidated or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Balloting Agent), and such claim has not been allowed, such claim will be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution and accorded one vote and valued at an amount equal to one dollar ($1.00);

(e) If a claim is listed on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(f) If a holder of a claim identifies a claim amount in its Ballot that is different than the amount otherwise calculated in accordance with the Tabulation

4

Procedures, the claim will be temporarily allowed for voting purposes in the amount calculated in accordance with the Tabulation Procedures;

(g) Creditors with Claims that have been indefeasibly paid, in full or in part, shall only be permitted to vote the unpaid amount of such Claim, if any, to accept or reject the Plan;

(h) Duplicate claims within the same Voting Class, whether against a single Debtor or multiple Debtors, listed in the Debtors' Schedules or in timely-filed proofs of claim, will be deemed temporarily allowed for voting purposes only in an amount equal to one such claim and not in an amount equal to the aggregate of such claims;

(i) Creditors will not be entitled to vote claims to the extent such claims have been superseded and/or amended by other claims filed by or on behalf of such creditors, regardless of whether the Debtors have objected to such earlier filed claims;

(j) If the Debtors have served an objection or request for estimation as to a claim at least ten (10) calendar days before the Voting Deadline, such claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and manner as set forth in such objection;

(k) Claims filed for $0.00 are not entitled to vote.

(l) The voter must complete each section of the Ballot, including, without limitation, certifying the amount of its claim, voting to accept or reject the Plan, completing the requested identification information, and signing and dating the Ballot. If the party executing the Ballot is signing as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or acting in a fiduciary or representative capacity, they should indicate such capacity when signing and, if required or requested by the Balloting Agent, the Debtors, or the Court, must submit evidence satisfactory to the requesting party to so act on behalf of the holder of the claim.

(m) The voter must vote all of its claims either to accept or reject the Plan. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. To the extent possible, the Debtors shall mail each claimant holding a claim in the Voting Class a single Ballot on account of the claims held by such claimant in the Voting Class.

(n) For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one claim in such Class, and the votes related to such claims shall be treated as a single vote to accept or reject the Plan;

(o) If multiple Ballots are received from the same voter with respect to the same claim prior to the Voting Deadline, the last properly executed Ballot timely

5

received will be deemed to reflect such voter's intent and will supersede and revoke any prior Ballot received.

(p) If a creditor simultaneously casts inconsistent Ballots, such Ballots shall not be counted;

(q) Delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the voting report filed with this Court by the Balloting Agent. Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

(r) In addition, the following Ballots will not be counted in determining the acceptance or rejection of the Plan:

    (i) any Ballot that is illegible or contains insufficient information to permit the identification of the holder;

    (ii) any Ballot that (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, and/or (c) partially accepts and partially rejects the Plan;

    (iii) any Ballot cast by a person who does not hold, or represent a person that holds, a claim in the Voting Class;

    (iv) any Ballot received after the Voting Deadline will not be counted unless the Debtors have granted an extension with respect to such Ballot. The voter may choose the method of delivery of its Ballot to the Balloting Agent at its own risk. Delivery of the Ballot will be deemed made only when the <u>original</u> properly executed Ballot is actually received by the Balloting Agent;

    (v) any Ballot delivered by facsimile transmission, electronic mail, or any other means not specifically approved herein;

    (vi) any Ballot sent to a person other than the Balloting Agent; and

    (vii) any Ballot not bearing an original signature.

18. The terms of this Order shall be effective immediately upon its entry.

RLF1 13427176v.2

19. This Court shall retain jurisdiction to enforce the terms of this Order and any disputes arising hereunder.

Dated: November 30, 2015
Wilmington, Delaware

THE HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

RLF1 13427176v.2