## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------- x
In re:                                                 :   Chapter 11
                                                       :
PSL - NORTH AMERICA LLC, et al.,                       :   Case No. 14-11477 (LSS)
                                                       :
         Debtors.¹                                     :   (Jointly Administered)
                                                       :
                                                       :   Re: Docket No. 469
                                                       :
----------------------------------------------------- x
```

### ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

A HEARING HAVING BEEN HELD BY THE COURT on January 12, 2016 (the "**Confirmation Hearing**"), to consider confirmation of the Debtors' *First Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 469] (the "**Plan**"), and a final version of which is attached hereto as Exhibit A, proposed by above-captioned debtors and debtors in possession (collectively, the "**Debtors**");

THE COURT NOTING that on November 30, 2015, the Court entered the *Order (I) Approving Disclosure Statement, (II) Approving Voting and Tabulation Procedures, (III) Setting Confirmation Hearing and Related Deadlines and (IV) Granting Related Relief* [Docket No. 467] (the "**Solicitation Procedures Order**"), approving, among other things, the Disclosure Statement and the Tabulation Procedures (as each term is defined in the Solicitation Procedures Order);

IT APPEARING TO THE COURT that on November 30, 2015, the Debtors filed the *Notice of Hearing to Consider Confirmation of Debtors' Chapter 11 Plan of Liquidation and Related Objection Deadline* [Docket No. 472] and caused such notice to be served, along with

---

¹    The Debtors in these Chapter 11 Cases, along with the last four digits of the Debtors' federal tax identification numbers, are PSL - North America LLC (5196) and PSL USA INC (0971). The above-captioned Debtors' mailing address is 13092 Sea Plane Road, Bay St. Louis, MS 39520.

copies of the Plan and the Ballots, where applicable, on the parties set forth in that certain *Affidavit of Service* [Docket No. 480] (the "**AOS**") on December 15, 2015;

IT APPEARING TO THE COURT that the Court-approved solicitation and noticing procedures have been followed as set forth in the *Declaration of Stephenie Kjontvedt on Behalf of Epiq Bankruptcy Solutions, LLC Regarding Voting and Tabulation of Ballots Accepting and Rejecting the First Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 489] (the "**Epiq Declaration**");

IT FURTHER APPEARING TO THE COURT that the Debtors have filed with the Court the *Notice of Filing Plan Supplement to Debtors' First Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 483] containing the following: (a) a draft of the PSL Liquidating Trust Agreement,[2] (b) the Executory Contracts and Unexpired Lease to be Assumed and (c) the Retained Causes of Action; (the "**Plan Supplement**," with all documents contained in the Plan Supplement collectively, the "**Plan Documents**");

IT FURTHER APPEARING TO THE COURT that the deadline for filing objections to the Plan has passed and the following objection has been filed: *Objection by the Internal Revenue Service to the Debtors' First Amended Joint Plan of Liquidation* [Docket No. 488] (the "**Objection**");

IT FURTHER APPEARING TO THE COURT that the deadline for casting ballots to accept or reject the Plan has passed and that the results of voting have been certified by Epiq, acting as voting agent, as set forth in the Epiq Declaration;

IT FURTHER APPEARING TO THE COURT that (a) the Debtors have filed the *Declaration of Edward P. Bond in Support of Confirmation of the First Amended Joint Plan of*

---

[2]   Capitalized terms used herein without definition have the meanings provided in the Plan.  In addition, any term used in the Plan or this Order that is not defined in the Plan or this Order, but that is used in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules, respectively.

2

*Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 490] (the "**Bond Declaration**"), (b) the Debtors have presented testimony, evidence and argument of counsel in support of confirmation of the Plan, and (c) other parties in interest have had the opportunity to present additional testimony, evidence or argument of counsel;

NOW, THEREFORE, based upon the Court's review of (a) the Plan, (b) the Plan Documents, (c) the Bond Declaration, (d) the Epiq Declaration, (e) the Objection, (f) all of the evidence proffered or adduced at, filings in connection with, and arguments of counsel made at, the Confirmation Hearing, ~~and (g) the entire record of the Chapter 11 Cases~~; and after due deliberation thereon and good cause appearing therefor, and for the reasons set forth on the record at the Confirmation Hearing;

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.    *Jurisdiction; Venue; Core Proceeding*.    The Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.   Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) upon which this Court may issue a final order, and confirmation of a plan by this Court is a constitutional exercise of the jurisdiction conferred by Congress on this Court.  This Court has jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

~~B.    *Judicial Notice*.    The Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court and/or its duly-appointed agent, including, without limitation, all pleadings and other documents filed with, all orders entered by, and all evidence~~

---

[3]    The findings of fact and the conclusions of law stated in this Confirmation Order shall constitute findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to the proceeding by Fed. R. Bankr. P. 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

~~and argument made, proffered or adduced at the hearings held before the Court during the~~

~~pendency of the Chapter 11 Cases.~~

C.    *Transmittal and Mailing of Solicitation Materials and Notices*.  The solicitation materials and notices prescribed by the Solicitation Procedures Order were served in compliance with the Solicitation Procedures Order, and such service was appropriate and sufficient. Appropriate and sufficient notice of the Confirmation Hearing and the other deadlines and matters required to be noticed pursuant to the Solicitation Procedures Order was given in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Solicitation Procedures Order, and no other or further notice is or shall be required.

D.    *Adequacy of Solicitation Procedures*.  All procedures used to distribute the solicitation materials to the appropriate creditors and interest holders entitled to vote on the Plan and to tabulate the ballots returned by creditors and interest holders were fair and were conducted in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Solicitation Procedures Order.  Votes for acceptance or rejection of the Plan were solicited and cast in good faith, and only after transmittal of a disclosure statement containing adequate information, and otherwise in compliance with 11 U.S.C. §§ 1125 and 1126 and Fed. R. Bankr. P. 3017 and 3018.

E.    *Good Faith Solicitation -- 11 U.S.C. § 1125(e)*.  Based upon the record before the Court, the Debtors and their Professionals have acted in good faith within the meaning of 11 U.S.C. §§ 1125(e) and 1129(a)(3), and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Solicitation Procedures Order in connection with all of their respective activities relating to the solicitation of acceptances of the Plan and their participation in the activities described in 11 U.S.C. § 1125, and are entitled to the

protections afforded by 11 U.S.C. § 1125(e) and, to the extent applicable, the exculpation and injunctive provisions set forth in Article IX of the Plan.

F.    _Impaired Classes that Have Voted to Accept or Reject the Plan_. Classes 2 and 3 are each impaired under and entitled to vote on the Plan. As evidenced by the Epiq Declaration, which certified both the method and results of the voting, Classes 2 and 3 have voted to accept the Plan pursuant to the requirements of 11 U.S.C. §§ 1124 and 1126.

G.    _Classes Deemed to Accept Plan_. Class 1 is unimpaired under the Plan. Pursuant to 11 U.S.C. § 1126(f), holders of such unimpaired Claims are conclusively presumed to have accepted the Plan.

H.    _Classes Deemed to Reject the Plan_. Class 4 is impaired and will not receive or retain any property under the Plan. Pursuant to 11 U.S.C. § 1126(g), holders of such impaired Claims are conclusively presumed to have rejected the Plan.

I.    _Releases, Exculpations and Injunctions_. The release, exculpation and injunction provisions set forth in Article IX of the Plan: (a) are within the jurisdiction of the Court under 28 U.S.C. §§ 1334(a), 1334(b) and 1334(d); (b) are essential to the successful implementation of the Plan pursuant to 11 U.S.C. § 1123(a)(5); (c) are an integral element of the transactions incorporated into the Plan; (d) confer material benefits on, and are in the best interests of, the Debtors, the Estates and their creditors; and (e) are consistent with 11 U.S.C. §§ 105, 1123 and 1129, and other applicable provisions of the Bankruptcy Code. With respect to the releases provided pursuant to Article IX.D of the Plan by the Holders of Claims who did not opt out of such releases, such releases are (a) consensual, (b) in exchange for the good and valuable consideration provided by the Releasing Parties, representing a good faith settlement and compromise of any claims released therein; (c) in the best interests of the Debtors and all holders of Claims; (d) narrowly tailored; (e) fair, equitable and reasonable; and (f) a bar to any of the

5

releasing parties' assertion of any claim released by such provisions. The record of the Confirmation Hearing and the Chapter 11 Cases is sufficient to support the release, exculpation and injunction provisions contained in the Plan.

1.    *Substantive Consolidation*. Article IX.G provides for the substantive consolidation of all of the Estates of all of the Debtors into a single consolidated estate for all purposes associated with confirmation and consummation of the Plan. The Disclosure Statement expressly advised the Holders of Claims and Equity Interests of such consolidation and no such Holder objected to such consolidation. Accordingly, for purposes of classification, voting and distributions under the Plan, (i) all assets and liabilities, including Claims, of the Debtors shall be merged and certain of the Debtors' assets (for the avoidance of doubt, other than the Transferred Causes of Action) and liabilities shall be transferred to and vested in the PSL Liquidating Trust so that all such transferred assets shall be available to pay all of the Allowed Claims of all of the Debtors as if they were one company; (ii) any obligation of any of the Debtors and all guaranties thereof by or enforceable against any of the Debtors and any joint and several liability of the Debtors shall be treated as though they were a single obligation in the amount of the obligation of the primary obligor; (iii) any Claim or Claims filed or to be filed against any of the Debtors in connection with any such obligation and any such guaranties or any such joint and several liability shall be treated as though they were a single Claim in the amount of the Claim against the primary obligor; (iv) all such guaranties shall be deemed eliminated and extinguished; (v) all Claims of any Debtor against any other Debtor shall be cancelled and extinguished; and (vi) no distributions shall be made under the Plan on account of any interests of any of the Debtors in any of the other Debtors. Such substantive consolidation shall not affect: (a) the legal and corporate structures of the Debtors; (b) Equity Interests between and among the Debtors; (c) the vesting of assets in the Liquidating Trust; or (e) the reporting of disbursements and the payment

6

of Statutory Fees, including those under 28 U.S.C. § 1930(a)(6). ~~In addition, such administrative consolidation shall not constitute a waiver of the mutuality requirement for setoff under section 553 of the Bankruptcy Code.  Accordingly, the substantive consolidation provided for in the Plan is consistent with the requirements of the Bankruptcy Code.~~

J.       *Plan Compliance with Bankruptcy Code -- 11 U.S.C. § 1129(a)(1)*.   The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(1).

(i)       *Proper Classification -- 11 U.S.C. §§ 1122, 1123(a)(1)*.   Aside from Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates four Classes of Claims and Equity Interests against the Debtors.  The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests, as the case may be, in each such Class.  Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and such Classes do not unfairly discriminate among holders of Claims and Interests.  Thus, the Plan satisfies 11 U.S.C. §§ 1122 and 1123(a)(1).

(ii)      *Specify Unimpaired Classes -- 11 U.S.C. § 1123(a)(2)*.   Article III of the Plan specifies that Class 1 is unimpaired under the Plan, thereby satisfying 11 U.S.C. § 1123(a)(2).

(iii)     *Specify Treatment of Impaired Classes -- 11 U.S.C. § 1123(a)(3)*.   Article III of the Plan specifies that Classes 2, 3 and 4 are impaired, and Sections III.B.2- III.B.4 of the Plan specify the treatment of Claims and Equity Interests in those Classes, thereby satisfying 11 U.S.C. § 1123(a)(3).

(iv)      *No Discrimination -- 11 U.S.C. § 1123(a)(4)*.   The Plan provides for the same treatment by the Debtors for each Claim or Equity Interest in each respective Class

7

unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying 11 U.S.C. § 1123(a)(4).

(v)    *Implementation of Plan -- 11 U.S.C. § 1123(a)(5)*.  The Plan provides adequate and proper means for its implementation, thereby satisfying 11 U.S.C. § 1123(a)(5).

(vi)    *Non-Voting Equity Securities -- 11 U.S.C. § 1123(a)(6)*.  The Debtors have sold their business.  Moreover, the Plan provides for the disposal and conveyance of the Debtors' remaining assets and for the distribution of the proceeds thereof to the Holders of Allowed Claims in accordance with the terms thereof.  Moreover, the Plan authorizes the Debtors to take any and all steps necessary to effectuate their dissolution under applicable state law.  Accordingly, no securities will be issued by the Debtors.  Therefore, 11 U.S.C. § 1123(a)(6) is not applicable.

(vii)    *Selection of Liquidating Trustee -- 11 U.S.C. § 1123(a)(7)*.  The Debtors have properly and adequately disclosed the identity and affiliations of all individuals proposed to serve on or after the Effective Date as the Liquidating Trustee, and the manner of selection and appointment of such individual is consistent with the interests of Holders of Claims and with public policy and, accordingly satisfies the requirements of 11 U.S.C. § 1123(a)(7).

(viii)    *Additional Plan Provisions -- 11 U.S.C. § 1123(b)*.  The Plan's additional provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

(ix)    *Compliance with Fed. R. Bankr. P. 3016*.  The Plan is dated and identifies the entities submitting it, thereby satisfying Fed. R. Bankr. P. 3016(a).  The filing of the Disclosure Statement with the Court satisfies Fed. R. Bankr. P. 3016(b).  Further, the

8

Plan and Disclosure Statement describe in specific and conspicuous language all acts to be enjoined and identify the entities that are subject to the injunction, satisfying Fed. R. Bankr. P. 3016(c) to the extent applicable.

(x) *Compliance with Fed. R. Bankr. P. 3017*. The Debtors have given notice of the Confirmation Hearing as required by Fed. R. Bankr. P. 3017(d) and the Solicitation Procedures Order. As reflected by, among other things, the AOS and the Epiq Declaration, the solicitation materials prescribed by the Solicitation Procedures Order were transmitted to creditors and interest holders entitled to vote on the Plan in accordance with Fed. R. Bankr. P. 3017(d).

(xi) *Compliance with Fed. R. Bankr. P. 3018*. The solicitation of votes to accept or reject the Plan satisfies Fed. R. Bankr. P. 3018. The Plan was transmitted to all creditors and interests holders entitled to vote on the Plan, sufficient time was prescribed for such creditors and interest holders to accept or reject the Plan, and the solicitation materials used and solicitation procedures followed comply with 11 U.S.C. §§ 1125 and 1126, thereby satisfying the requirements of Fed. R. Bankr. P. 3018.

K. *Compliance with Bankruptcy Code -- 11 U.S.C. § 1129(a)(2)*. The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(2).

L. *Plan Proposed in Good Faith -- 11 U.S.C. § 1129(a)(3)*. The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying 11 U.S.C. § 1129(a)(3). In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation of the Plan. The Debtors filed these Chapter 11 Cases and the Plan was proposed with legitimate and honest purposes including, among other things, maximization of the recovery to creditors and interest holders

under the circumstances of the case. The Plan and the agreements implemented by the Plan are the result of extensive, arm's-length, good faith negotiations between and among the principal constituencies in these Chapter 11 Cases. Furthermore, the Plan is consistent with the best interests of the Estates, creditors, interest holders and other stakeholders.

M.    *Payments for Services or Costs and Expenses -- 11 U.S.C. § 1129(a)(4)*. All payments made or to be made by the Debtors or by a person acquiring property under the Plan, for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying 11 U.S.C. § 1129(a)(4).

N.    *Director, Officers and Insiders -- 11 U.S.C. § 1129(a)(5)*. The Debtors have disclosed, or intend to disclose prior to the commencement of the Confirmation hearing, the identity and affiliations of the Liquidating Trustee and members of the Liquidating Trust Committee.

O.    *No Rate Changes -- 11 U.S.C. § 1129(a)(6)*. There is no regulatory commission having jurisdiction after confirmation of the Plan over the rates of the Debtors and no rate change provided for in the Plan requiring approval of any such commission. Therefore, 11 U.S.C. § 1129(a)(6) is not applicable.

P.    *Best Interests of Creditors -- 11 U.S.C. § 1129(a)(7)*. The Plan satisfies 11 U.S.C. § 1129(a)(7). With respect to each impaired Class, each holder of a Claim or Equity Interest against the Debtors either has accepted the Plan or will receive or receive or retain under the Plan on account of such Claim or Equity Interest of a value, as of the Effective Date, that is not less than the amount that such holder would have received or retained had the Debtors been liquidated under chapter 11 of the Bankruptcy Code on such date.

RLF1 13556723v.2

Q.    *Acceptance or Rejection by Certain Classes -- 11 U.S.C. § 1129(a)(8)*. Class 1 is a Class of unimpaired Claims that are conclusively presumed to have accepted the Plan under 11 U.S.C. § 1126(f). Classes 2 and 3 are impaired and have voted to accept the Plan. Class 4 is impaired and deemed to have rejected the Plan.

R.    *Treatment of Administrative Claims and Priority Tax Claims -- 11 U.S.C. § 1129(a)(9)*. The treatment of Administrative Claims and Priority Tax Claims pursuant to Sections II.A and II.B of the Plan satisfies the requirements of 11 U.S.C. §§ 1129(a)(9)(A), (B) and (C).

S.    *Acceptance by Impaired Class -- 11 U.S.C. § 1129(a)(10)*. All of the Classes entitled to vote have voted to accept the Plan in accordance with 11 U.S.C. § 1126(c). The accepting Classes have accepted the Plan even without the votes of insiders with Allowed Claims. Therefore, the requirement of 11 U.S.C. § 1129(a)(10) that at least one Class of Claims against the Debtors that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider, has been satisfied.

T.    *Feasibility -- 11 U.S.C. § 1129(a)(11)*. The Disclosure Statement, the Bond Declaration and other evidence proffered or adduced by the Debtors at ~~or prior to~~ the Confirmation Hearing with respect to feasibility (a) are persuasive and credible, (b) have not been controverted by other evidence, and (c) establish that confirmation of the Plan is not likely to be followed by the need for further financial reorganization, of PSL Liquidating Trust. Based upon the foregoing, the Court finds that the Debtors have satisfied the requirements of 11 U.S.C. § 1129(a)(11).

U.    *Payment of Fees -- 11 U.S.C. § 1129(a)(12)*. All fees payable under 28 U.S.C. § 1930 on or before the Effective Date, as determined by the Court, have been paid or will be paid, thus satisfying the requirements of 11 U.S.C. § 1129(a)(12). Such fees shall be paid post-

11

confirmation by the PSL Liquidating Trust, consistent with Article XI.B of the Plan to the extent required by 28 U.S.C. § 1930.

V.    _Continuation of Retiree Benefits -- 11 U.S.C. § 1129(a)(13)_.  The Debtors do not provide "retiree benefits" as such term is defined in section 1144 of the Bankruptcy Code. Therefore, section 1129(a)(13) of the Bankruptcy Code is inapplicable to the Plan.

W.    _Transfers of Property – 11 U.S.C. § 1129(a)(16)_.  None of the Debtors are a nonprofit corporation and, therefore, 11 U.S.C. § 1129(a)(16) is not applicable.

X.    _Fair and Equitable; No Unfair Discrimination as to Rejecting Classes -- 11 U.S.C. § 1129(b)_.  Class 4 is deemed to reject the Plan.  The Plan does not discriminate unfairly and is fair and equitable with respect to Class 4 as required by 11 U.S.C. § 1129(b)(1).  Thus, the Plan may be confirmed notwithstanding 11 U.S.C. § 1129(a)(8).  Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of Class 4 and meets the criteria of 11 U.S.C. § 1129(b)(2)(C)(i).  In addition, because no Class lower in the capital structure of the Debtors than Class 4 will retain any interest, and Class 4 Equity Interest Holders will receive what the market has determined is the value of their Equity Interests.

Y.    _Only One Plan -- 11 U.S.C. § 1129(c)_.  Other than the Plan (including previous versions thereof), no other plan has been filed in the Chapter 11 Cases.  Accordingly, the requirements of 11 U.S.C. § 1129(c) have been satisfied.

Z.    _Principal Purpose -- 11 U.S.C. § 1129(d)_.  The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of the application of Section 5 of the Securities Act of 1933, and no governmental unit has objected to the confirmation of the Plan on any such grounds.  The Plan, therefore, satisfies the requirements of 11 U.S.C. § 1129(d).

AA.    _No Objection to Disposition of Contracts and Leases_.  No party to an executory contract or unexpired lease to be assumed by the Debtors pursuant to the Plan or rejected by the

Debtors pursuant to the Plan has objected to the assumption or rejection thereof. Each rejection of an executory contract or unexpired lease under the Plan shall be legal, valid and binding upon the Debtors, the PSL Liquidating Trust and all non-Debtor parties to such executory contract or unexpired leases, all to the same extent as if the rejection had been effectuated by motion.

BB.    *Retention and Preservation of Retained Causes of Action.*    It is in the best interests of the Debtors' Estates and their Creditors that the Retained Causes of Action be retained by, and transferred to, the PSL Liquidating Trust, and as specified in the Plan Documents, they are so retained and transferred, subject, however, to any releases provided in the Plan, the Confirmation Order, or any other Final Order of this Court.

CC.    *Engagement in Business.*    Because the Debtors will cease to exist following the Effective Date, and therefore will not engage in business following consummation of the Plan, 11 U.S.C. § 1141(d)(3) is not applicable.

DD.    *Burden of Proof.*    The Debtors have met their burden of proving the elements of 11 U.S.C. §§ 1129(a) and (b) by a preponderance of the evidence.

EE.    *Satisfaction of Confirmation Requirements.*    The Plan satisfies the requirements for confirmation set forth in 11 U.S.C. § 1129.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    Confirmation of Plan.    The Plan is approved and confirmed under 11 U.S.C. § 1129. The terms of each of the Plan Documents (including, without limitation, the Liquidating Trust Agreement) are approved, incorporated by reference into, and an integral part of the Plan, and all parties are authorized to comply with the terms thereof.

2.    Overruling of Objections.    The Objection, and any other objections raised at or before the Confirmation Hearing, which were not otherwise withdrawn or resolved herein or by the Plan, to the extent not resolved, are overruled.

RLF1 13556723v.2

3.    <u>Incorporation of Terms and Provisions of Plan</u>.  The terms and provisions of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.  Each term and provision of the Plan is valid, binding and enforceable as though fully set forth herein.  The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.  The failure specifically to include or reference any particular term or provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such term and provision, it being the intent of the Court that the Plan be confirmed in its entirety.

4.    <u>Binding Effect</u>.  Pursuant to section 1141 of the Bankruptcy Code, effective on the Effective Date, and except as expressly provided in this Confirmation Order, the Plan and its provisions shall be binding upon the Debtors, the PSL Liquidating Trust, the Liquidating Trustee, any individual or entity acquiring or receiving property or a distribution under the Plan and any holder of a Claim against or Equity Interest in the Debtors, including all governmental entities, whether or not the Claim or Equity Interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan.  Pursuant to 11 U.S.C. §§ 1123(a) and 1142(a) and the provisions of this Confirmation Order, from and after the Effective Date, the Debtors, the PSL Liquidating Trust and the Liquidating Trustee shall comply with the Plan, the Plan Documents and all other Plan-related documents, and the Plan, the Plan Documents and all other Plan-related documents shall be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

5.    <u>Notice</u>.  Good and sufficient notice of the Confirmation Hearing and the deadline for filing and serving objections to the Plan and confirmation thereof has been provided, which notice is hereby approved.

14

6.    Application of Absolute Priority Rule.  The Plan satisfies the requirements of 11 U.S.C. § 1129(b) with respect to Class 4.  Therefore, the treatment of the Equity Interests in Class 4 is approved.

7.    Releases.  The release provisions of Sections IX.B and IX.D, of the Plan, as modified by this Order, are approved, are incorporated by reference into and are an integral part of this Confirmation Order.  Such provisions shall be effective in accordance with their terms.

8.    Injunction.  The injunction provisions of Section IX.E of the Plan are approved, are incorporated by reference into and are an integral part of this Confirmation Order.  Such provisions shall be effective in accordance with their terms.

9.    Exculpation.  The exculpation provisions of Section IX.C of the Plan are approved, are incorporated by reference into and are an integral part of this Confirmation Order.  Such provisions shall be effective in accordance with their terms.

10.    Cancellation of Interests.  Pursuant to Section IV.F of the Plan, except as otherwise specifically provided in the Plan or in this Confirmation Order, all Equity Interests shall be cancelled and extinguished.

11.    Plan Implementation Authorization.  All implementing actions required or contemplated by the Plan, including the appointment of the Liquidating Trustee, and the vesting of the Liquidating Trust Assets in the PSL Liquidating Trust, are hereby authorized and approved in all respects in accordance with the Plan.  The PSL Liquidating Trust shall be deemed for all purposes to have been created in connection with the Plan and this Confirmation Order.  The Liquidating Trustee is authorized to take any action as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan, whether or not specifically referred to in the Plan or any exhibit thereto, without further order of the Court or further action by the Debtors or the PSL Liquidating Trust or any other person.  For the

15

avoidance of doubt, the Debtors and their respective officers and directors and the PSL Liquidating Trust and the Liquidating Trustee are authorized and empowered to take any and all actions necessary or desirable to implement the transactions contemplated by the Plan and this Confirmation Order, including, without limitation, (i) executing, delivering and performing under the Plan Documents and all other Plan-related documents and (ii) dissolving the Debtors, in each case without any requirement of further vote, consent, approval, authorization or other action by the stockholders, officers or directors, or notice to, order of, or hearing before this Court. Further, the Debtors, the PSL Liquidating Trust or the Liquidating Trustee, as applicable, are authorized to file the required documents providing for such dissolution with the State of Delaware or any other applicable state without bringing franchise taxes current and regardless of whether the entities are in good standing.

12.    <u>Governmental Approvals Not Required</u>.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments or agreements, and any amendments or modifications thereto.

13.    <u>Dissolution of the Debtors</u>.  Immediately following the distribution of all of the Debtors' and the Estates' property pursuant to the terms of the Plan, on the Effective Date, (i) the Debtors' directors and officers and any remaining employees shall be deemed to have resigned and (ii) the Debtors and/or the PSL Liquidating Trust, as the case may be, are authorized to take any and all actions necessary to effectuate the Debtors' dissolution for all purposes under applicable state law.  The Debtors and the PSL Liquidating Trustee are further authorized to take

RLF1 13556723v.2

all such further action as is necessary following the Confirmation Date to implement the foregoing.

14.    <u>Exemption from Certain Transfer Taxes</u>.  Pursuant to 11 U.S.C. § 1146(a), any transfers from the Debtors to the PSL Liquidating Trust or any other person pursuant to, in contemplation of, or in connection with the Plan, shall not be taxed under any law imposing a stamp tax, real estate transfer tax, mortgage recording tax, sales or use tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or government assessment, and the appropriate state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.  Such exemption specifically applies, without limitation, to all documents necessary to evidence and implement distributions under the Plan, including the documents contained in the Plan Supplement and all documents necessary to evidence and implement any of the transactions and actions described in the Plan or the Plan Supplement.  For the avoidance of doubt, all pre-confirmation transfers or sales do not qualify for an exemption pursuant to Section 1146(a) of the Bankruptcy Code.

15.    <u>Applicable Non-Bankruptcy Law</u>.  Pursuant to 11 U.S.C. §§ 1123(a) and 1142(a), the provisions of this Confirmation Order, the Plan, or any other amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

16.    <u>Approval of Rejection of Contracts and Leases</u>.  On the Effective Date, all Executory Contracts and unexpired leases not assumed, not subject to a pending motion to assume and/or assign as of the Effective Date, or not rejected before the Effective Date will be deemed rejected pursuant to this Confirmation Order.

17

17.    Claims Based on Rejection of Executory Contracts.    Claims created by the rejection of executory contracts and unexpired leases pursuant to Article VII.A of the Plan, or the expiration or termination of any executory contract or unexpired lease prior to the Effective Date, must be filed with the Court and served on the Debtors no later than thirty (30) days after the Effective Date.  Except as expressly provided in the Plan or this Confirmation Order, any Claims arising from the rejection of any executory contract or unexpired lease pursuant to Article VII.A for which proofs of Claim are not timely filed within that time period will be forever barred from assertion against the Debtors, the Estates, their successors and assigns, and their assets and properties.

18.    Substantive Consolidation.    As of the Effective Date, all of the Debtors' assets and liabilities, including Claims, shall be substantively consolidated for all purposes associated with confirmation and consummation of the Plan.  Accordingly, for purposes of classification, voting and distributions under the Plan, (i) all assets and liabilities, including Claims, of the Debtors shall be merged and certain of the Debtors' assets (for the avoidance of doubt, other than the Transferred Causes of Action) and liabilities shall be transferred to and vested in the PSL Liquidating Trust so that all such transferred assets shall be available to pay all of the Allowed Claims of all of the Debtors as if they were one company; (ii) any obligation of any of the Debtors and all guaranties thereof by or enforceable against any of the Debtors and any joint and several liability of the Debtors shall be treated as though they were a single obligation in the amount of the obligation of the primary obligor; (iii) any Claim or Claims filed or to be filed against any of the Debtors in connection with any such obligation and any such guaranties or any such joint and several liability shall be treated as though they were a single Claim in the amount of the Claim against the primary obligor; (iv) all such guaranties shall be deemed eliminated and extinguished; (v) all Claims of any Debtor against any other Debtor shall be cancelled and

18

extinguished; and (vi) no distributions shall be made under the Plan on account of any interests of any of the Debtors in any of the other Debtors.

19.    _Transfers by Debtors; Vesting of Assets._  All transfers of property of the Estates, including, without limitation, the vesting of the Liquidating Trust Assets in the PSL Liquidating Trust, (a) are legal, valid and effective transfers of property, (b) vest the transferees with good title to such property free and clear of all Claims, interests, Liens, charges or other encumbrances, except as expressly provided in the Plan or this Confirmation Order, (c) do not and will not constitute avoidable transfers under the Bankruptcy Code or under applicable law, (d) do not and will not subject the PSL Liquidating Trust or the Liquidating Trustee to any liability by reason of such transfer under the Bankruptcy Code or under applicable nonbankruptcy law, including, without limitation, any laws affecting successor, transferee or stamp or recording tax liability, and (e) are for good consideration and value.  All Liquidating Trust Assets shall vest in the PSL Liquidating Trust Trust free and clear of all Claims, interests, Liens, charges and other encumbrances.  Such vesting does not constitute a voidable transfer under the Bankruptcy Code or applicable non-bankruptcy law.

20.    _Retention and Preservation of Causes of Action._  Pursuant to the Plan, the Retained Causes of Action, including those identified in the Plan Supplement, shall be and are hereby preserved and retained, and shall, upon the Effective Date, be transferred to, the PSL Liquidating Trust, subject, however, to any releases provided in the Plan, the Confirmation Order or any other Final Order of this Court.

21.    _Ratification of Record Date._  The claims register for these Chapter 11 Cases shall be deemed closed as of the Record Date.  The Debtors, the PSL Liquidating Trust, the Liquidating Trustee and any disbursing agent retained by any of them shall have no obligation to recognize the transfer or sale of any Claim that occurs after the close of business on the Record

19

Date and shall be entitled for all purposes herein to recognize and make Distributions only to those holders of Claims who are holders of such Claims as of the close of business on the Record Date.

22.     Effect of Conflict Between Plan and Confirmation Order.  The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; provided, however, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence.

23.     Modification.  The Plan may be modified in accordance with Article XI.C of the Plan.

24.     Reversal.  If any or all of the provisions of this Confirmation Order are hereafter, reversed, modified or vacated by subsequent order of the Court or any other court, in the absence of a stay of this Confirmation Order, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken in good faith under or in connection with the Plan prior to the Debtors', the PSL Liquidating Trust's or the Liquidating Trustee's receipt of written notice of any such order.  Notwithstanding any such reversal, modification or vacatur of this Confirmation Order, in the absence of a stay of this Confirmation Order, any such act or obligation incurred or undertaken in good faith pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

20

25.    <u>Authorization to Consummate Plan</u>.  Notwithstanding Fed. R. Bankr. P. 3020(e), this Confirmation Order shall take effect immediately upon its entry and the Debtors are authorized to consummate the Plan immediately after entry of this Confirmation Order and the satisfaction or waiver of all other conditions to the Effective Date of the Plan, in accordance with the terms of the Plan.  The Plan shall only become effective on the Effective Date.

26.    <u>Administrative Bar Date</u>.  Requests for payment of Administrative Claims (except as otherwise provided in the Plan with respect to Professional Compensation or a separate order of the Bankruptcy Court) must be filed no later than thirty (30) days after the Effective Date. Holders of Administrative Claims that do not file requests for the allowance and payment therefore on or before the Administrative Bar Date shall forever be barred from asserting such Administrative Claims against the Debtors or their Estates.

27.    <u>Bar Date for Professional Compensation</u>.  Professionals asserting a Claim for Professional Compensation must File and serve on the Liquidating Trustee and such other Entities who are designated by the Bankruptcy Rules, the Confirmation Order, or other order of the Bankruptcy Court a final fee application no later than forty-five (45) days after the Effective Date.

28.    <u>Satisfaction of SCB Secured Claim and SCB Expense Reimbursement</u>. Notwithstanding anything to the contrary contained herein, in the Plan, the Plan Documents or the Ballots, (i) on or as soon as practicable after the Initial Distribution Date, in full and final satisfaction of the SCB Secured Claim, the Liquidating Trustee shall pay Standard Chartered Bank, Dubai International Financial Centre Bank ("**SCB**") all available cash (the "**Initial SCB Distribution**"), after payment or reserve for (a) all accrued but unpaid professional fees through the Initial Distribution Date, (b) all accrued but unpaid fees arising under 28 U.S.C. §§ 1911-1930 and (c) reserving $150,000 for projected PSL Liquidating Trust expenses; (ii) in the event

21

the PSL Liquidating Trust receives the BP Claim Recovery or any recovery on any other Retained Causes of Action (a "**Retained Causes of Action Recovery**"), the Liquidating Trustee shall reimburse SCB $150,000 for use of its cash collateral to fund the PSL Liquidating Trust prior to making any distributions on account of any Allowed General Unsecured Claim (the "**SCB Expense Reimbursement**"), and SCB, in its capacity as a holder of a Class 3 General Unsecured Claim, shall be entitled to receive its pro rata share of the balance of any such Retained Causes of Action Recovery and all subsequent Retained Causes of Action Recoveries; (iii) if at any time prior to the payment of the Initial SCB Distribution and SCB Expense Reimbursement the PSL Liquidating Trust is terminated, SCB shall receive all of the funds, if any, held by or on behalf of the PSL Liquidating Trust at the time of such termination after payment of all PSL Liquidating Trust expenses incurred in accordance the provisions of the Liquidating Trust Agreement and (iv) the Releases provided for in Article IX.D of the Plan and contained in the Ballots executed and delivered by SCB do not extend or apply to any right of SCB to the SCB Expense Reimbursement or payment of the balance of any funds held by the PSL Liquidating Trust to SCB at the time of termination of the PSL Liquidating Trust, or any other amounts payable to SCB under the Plan.

29.      <u>CSX and the Alabama Action</u>.   Notwithstanding anything to the contrary contained herein, in the Plan, the Plan Documents or the Ballots, the Releases provided for in Article IX.D of the Plan do not extend to CSX Transportation, Inc.'s ("**CSX**") continued prosecution, settlement and/or resolution of that certain action in the United States District Court for the Northern District of Alabama styled as *CSX Transportation, Inc. v. PSL-North America LLC,* Case No. 2:13-cv-00982-TMP (the "**Alabama Action**") against the Debtors' insurance carrier(s) (and, to the extent necessary to access insurance, the Debtors), solely for the purposes of (i) liquidating the claim relating to the Alabaman Action, and (ii) to the extent the liability is

22

established or the case is settled, collecting any available insurance proceeds from the Debtors' insurance carriers.

30.    <u>Insurance Neutrality.</u>    Notwithstanding any other term or provision in the Plan or this Order, nothing in the Plan, this Order, any other document related to any of the foregoing or any other order of the Bankruptcy Court (including, without limitation, any other provision that purports to be preemptory or supervening or grants an injunction or release) (i) will prejudice any of the rights, claims or defenses of Debtors' insurers ("**Insurers**") under any insurance policies under which the Debtors, the Estates, the PSL Liquidating Trust, and/or the Liquidating Trustee seek(s) coverage (the "**Policies**") or any agreements related to the Policies (together, with the Policies, the "**Insurance Agreements**"); (ii) will modify any of the terms, conditions, limitations and/or exclusions contained in the Insurance Agreements, which terms, conditions, limitations and exclusions shall remain in full force and effect; (iii) shall be deemed to create any insurance coverage that does not otherwise exist, if at all, under the terms of the Insurance Agreements, or create any right of action against the Insurers that does not otherwise exist under applicable non-bankruptcy law; (iv) shall be deemed to prejudice any of the Insurers' rights and/or defenses in any pending or subsequent litigation in which the Insurers or the Debtors, the Estates, the PSL Liquidating Trust, and/or the Liquidating Trustee may seek any declaration regarding the nature and/or extent of any insurance coverage under the Insurance Agreements; (v) shall be deemed to alter the continuing duties and obligations of any insured under the Insurance Agreements; or (vi) shall be construed as an acknowledgement that the Insurance Agreements cover or otherwise apply to any claims or that any claims are eligible for payment under any of the Insurance Agreements.

31.    <u>Resolution of IRS Objection.</u>    Notwithstanding any provision to the contrary in this Order or in any Plan Documents, nothing shall: (a) affect the ability of the Internal Revenue

23

Service (the "**IRS**") to pursue any non-debtors to the extent allowed by non-bankruptcy law for any liabilities that may be related to any federal tax liabilities owed by the Debtors or the Estates; (b) affect the rights of the United States to assert setoff and recoupment and such rights are expressly preserved; or (c) require the IRS to file an administrative claim in order to receive payment for any liability described in sections 503(b)(1)(B) and (C).  To the extent that Allowed Priority Tax Claims held by the IRS (including any penalties, interest or additions to tax entitled to priority under the Bankruptcy Code), if any, are not paid in full in cash on the Effective Date, such Allowed Priority Tax Claims shall accrue interest commencing on the Effective Date at the rate and method set forth in 26 U.S.C. Sections 6621 and 6622.  IRS administrative expense claims that are allowed pursuant to section 503 of the Bankruptcy Code shall accrue interest and penalties as provided by non-bankruptcy law until paid in full.  Moreover, nothing in this Order or the Plan Documents shall: (a) be construed as a compromise or settlement of any IRS claim or interest; (b) effect a release, discharge or otherwise preclude any claim whatsoever against any Debtor by or on behalf of the IRS relating to any liability arising out of any unfiled pre-petition or post-petition tax return or any pending audit or audit which may be performed with respect to any pre-petition or post-petition tax return; and (b) nothing shall enjoin the IRS from amending any claim against any Debtor with respect to any tax liability arising as a result of the filing of an unfiled return or a pending audit or audit that may be performed with respect to any pre-petition or post-petition tax return.  Further, any liability arising as a result of an unfiled return or final resolution of a pending audit or audit that may be performed with respect to any pre-petition tax or post-petition tax return shall be paid in accordance with the Plan.

     32.    <u>Notice of Effective Date</u>.  Within five (5) Business Days following the occurrence of the Effective Date, the Liquidating Trustee shall file notice of the Effective Date with the Court and serve a copy of such notice on the parties that have requested notice pursuant to

24

Bankruptcy Rule 2002; which notice shall also serve as notice of the entry of this Order under Bankruptcy Rule 2002(f).

33.     <u>Substantial Consummation</u>.     Substantial consummation of the Plan shall be deemed to occur on the Effective Date.

34.     <u>Final Decree; Dissolution</u>.     After the Liquidating Trust fulfills the standards necessary in order to close these Chapter 11 Cases, the Liquidating Trustee shall file a final decree motion requesting the entry of a final decree pursuant to section 350(a) of the Bankruptcy Code.

35.     <u>Continuation of Automatic Stay</u>.     Except as otherwise expressly provided in the Plan, this Confirmation Order, or a separate Order of this Court, all injunctions or stays provided for in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existences on the Confirmation Date, shall remain in full force and effect until the occurrence of the Effective Date.

36.     <u>Retention of Jurisdiction</u>.     This Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including, without limitation, jurisdiction to:

(a)     hear and determine any objections to Claims and to address any issues relating to Disputed Claims;

(b)     enter and implement such Orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified or vacated;

(c)     issue such Orders in aid of execution and consummation of the Plan and the Liquidating Trust Agreement, to the extent authorized by section 1142 of the Bankruptcy Code;

25

(d)     consider any amendments to or modifications of the Plan and the Liquidating Trust Agreement, to cure any defect or omission, or reconcile any inconsistency in any Order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(e)     hear and determine all requests for compensation and reimbursement of expenses to the extent Allowed by the Bankruptcy Court under section 330 or 503 of the Bankruptcy Code;

(f)     hear and determine disputes arising in connection with the interpretation, implementation or enforcement of the Plan and the Liquidating Trust Agreement;

(g)     hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code;

(h)     hear any other matter not inconsistent with the Bankruptcy Code;

(i)     enter a final decree closing the Chapter 11 Cases;

(j)     ensure that Distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of the Plan, the Liquidating Trust Agreement;

(k)     decide or resolve any motions, adversary proceedings, contested or litigated matters arising out of, under, or related to, the Chapter 11 Cases;

(l)     issue injunctions, enter and implement other Orders or take such other actions as may be necessary or appropriate to restrain interference by any Person or Entity with the occurrence of the Effective Date or enforcement of the Plan or the Liquidating Trust Agreement, except as otherwise provided in the Plan;

(m)     determine any other matters that may arise in connection with or related to the Plan, the Confirmation Order, the Liquidating Trust Agreement, or any contract, instrument, release, indenture or other agreement or document created or implemented in connection with the Plan, or the Liquidating Trust Agreement;

RLF1 13556723v.2

(n)     enforce, interpret, and determine any disputes arising in connection with any stipulations, orders, judgments, injunctions, exculpations, and rulings entered in connection with the Chapter 11 Cases (whether or not the Chapter 11 Cases have been closed);

(o)     resolve disputes concerning any reserves with respect to Disputed Claims or the administration thereof;

(p)     resolve any disputes concerning whether a Person or Entity had sufficient notice of the Chapter 11 Cases, the Bar Dates, the Administrative Bar Date, the Governmental Bar Date, and/or the hearing on the approval of the Plan for the purpose of determining whether a Claim, or Equity Interest is discharged and/or enjoined hereunder or for any other purpose; and

(q)     resolve any other matter or for any purpose specified in the Plan, the Confirmation Order, the Liquidating Trust Agreement, or any other document entered into in connection with any of the foregoing.

Dated: January 12, 2016
       Wilmington, Delaware

_____
THE HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

27

RLF1 13556723v.2